TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0468-KB

KENTUCKY BAR ASSOCIATION                                         MOVANT

V.                              IN SUPREME COURT

GRACE INGRID GARDINER                                       RESPONDENT

### OPINION AND ORDER

The Kentucky Bar Association has moved to suspend Grace Ingrid Gardiner's license to practice law in Kentucky as reciprocal discipline for that imposed by the Tennessee Supreme Court in an Order of Enforcement entered August 30, 2021. Her Kentucky bar number is 87584, and her bar-roster address is 13902 N. Dale Mabry Highway, Suite 216 Tampa, FL 33618. Gardiner was admitted to the practice of law in Kentucky in 1999.

The allegations against Gardiner arise from her practice of law in the Bankruptcy Court for the Eastern District of Tennessee in 2016. Gardiner served as counsel in four cases before the Bankruptcy Court. These cases were referred to her by UpRight Law, LLC, a Chicago, Illinois, law firm. Gardiner and UpRight Law had two partnership agreements. Under both agreements, the clients paid UpRight Law, but in some instances, Gardiner would represent the parties in court, and UpRight would handle a majority of the

documentation. In other instances, Gardiner was to handle both the documentation and court representation.

During her representation in these four cases, Gardiner allowed UpRight to sign her name signifying she had disclosed certain information to clients even though she had not yet met with them. Further, Gardiner signed the name of the Chapter 13 Bankruptcy Trustee without the Trustee's authorization. Additionally, Gardiner's paralegal forged a "wet" signature of one client, backdated documentation already signed by other clients, and filed those documents with the Bankruptcy Court. Gardiner then advised her clients of the forged signature but still knowingly submitted the documents to the court. Ultimately, the Bankruptcy Court for the Eastern District of Tennessee entered an agreed order suspending Gardiner from practicing law in the Bankruptcy Court for the Eastern District of Tennessee for five years. Following this sanction, the Disciplinary Counsel for the Tennessee Board of Professional Responsibility filed a Petition for Discipline. After investigation and a hearing, the Hearing Panel suspended Gardiner for three years, with four months to be served and the remainder probated.

The KBA asks this Court to impose reciprocal discipline. Our Supreme Court Rules require us to impose the identical discipline imposed by another state unless the Respondent proves by substantial evidence either (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that the

2

misconduct warrants substantially different discipline in this state.[1]  Gardiner

agrees to the KBA's motion for reciprocal discipline.  This Court typically

imposes the same sanction as the reciprocal state, so long as our rules are

similar.[2]  We find in this matter the Tennessee Rules of Professional Conduct

violated by Gardiner to be substantially similar to our own.

Gardiner violated Tennessee Rules of Professional Conduct 1.1, 1.3, 3.3,

5.3, and 8.4.  Tennessee Rule of Professional Conduct 1.1 reads, "A lawyer

shall provide competent representation to a client.  Competent representation

requires the legal knowledge, skill, thoroughness, and preparation reasonably

necessary for the representation."  Kentucky Rule of Professional Conduct 1.1

is identical to Tennessee's.[3]  Gardiner violated this rule when she allowed her

name to be shown on retainer agreements that included bankruptcy-

proceeding disclosure requirements when she was not present and did not

know whether those requirements had been met; when she submitted a

document purportedly signed by the Chapter 13 Trustee; when she presented

to the court numerous documents that had been signed after they were filed, in

violation of Fed. R. Bankr. P. 9011; and when she presented to the court a

document bearing the forged signature of a client, in violation of Fed. R. Bankr.

P. 9011.

---

[1] Supreme Court Rule (SCR) 3.435.

[2] *Kentucky Bar Ass'n v. Harwood*, 341 S.W.3d 85 (Ky. 2011); SCR 3.435.

[3] SCR 3.130(1.1) ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.").

Tennessee Rule of Professional Conduct 3.3, requiring candor to the tribunal, is substantively like our rule.[4] While Tennessee's rule has additional sections, both rules prohibit attorneys from presenting to the court facts they know to be false.[5] Gardiner violated this rule when she presented to the court a purported agreed order containing the signature of the Chapter 13 Trustee; when she presented to the court numerous documents that had been signed after they were filed, in violation of Fed. R. Bankr. P. 9011; and when she presented to the court a document bearing the forged signature of a client, in violation of Fed. R. Bankr. P. 9011.

Likewise, Tennessee's Rule of Professional Conduct 5.3 is substantively similar to ours. Both rules require that "a lawyer having direct supervisory authority over a nonlawyer shall make reasonable efforts to ensure that the nonlawyer's conduct is compatible with the professional obligations of the lawyer."[6] Gardiner violated this rule when she failed to ensure her paralegal had obtained the clients' signatures, as opposed to forging them.

Finally, Tennessee's Rule of Professional Conduct 8.4 is substantively similar to ours, as both rules are broken when any of the professional rules

---

[4] SCR 3.130(3.3).

[5] *See* Tenn. Sup. Ct. R. 8, RPC 3.3(a) (prohibiting a lawyer from making a "false statement of fact or law to a tribunal"); SCR 3.130(3.3)(a)(1) (prohibiting same).

[6] Tenn. Sup. Ct. R. 8, RPC 5.3(b); SCR 3.130(5.3)(b).

have been violated.[7] Gardiner therefore violated Kentucky Rule of Professional Conduct 8.4 as well.

Accordingly, it is hereby ORDERED that:

(1) Grace Ingrid Gardiner, KBA Member No. 87584, is hereby suspended from the practice of law in Kentucky for a period of three years, with four months to be served and the remainder to be probated, effective January 20, 2022, until such time as she is reinstated to the practice of law in Tennessee *and* until she is reinstated to the practice of law by Order of this Court pursuant to SCR 3.501; and

(2) This Opinion and Order shall supersede the Court's January 20, 2022, Opinion and Order.

All sitting. All concur.

ENTERED: April 28, 2022

_____
CHIEF JUSTICE

---

[7] *See* SCR 3.1380(8.4)(a) ("It is professional misconduct for a lawyer to . . . violate or attempt to violate the Rules of Professional Conduct . . . ."); Tenn. Sup. Ct. R. 8, RPC 8.4(a).

5